UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL LEE SANDERS, | No. 2:12-cv-01225-APG-CWH |
| *Petitioner*, | |
| | ORDER |
| vs. | |
| DWIGHT D. NEVENS, *et al.*, | |
| *Respondents.* | |

This habeas action by a Nevada state inmate comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

Following review, it appears that a number of claims asserted fail to present a claim that is cognizable on federal habeas review. The Court discusses the deficient claims below.

**Ground 2**

In Ground 2, petitioner alleges, *inter alia*, that he was denied rights to due process of law and a fair trial because: (a) the State used promises that could not be fulfilled to trick petitioner into entering a guilty plea; and (b) the habitual criminal statute under which he was sentenced, N.R.S. 207.010(1)(a), is ambiguous as to the permissible sentence.

Ground 2 fails to state a cognizable claim to the extent that petitioner additionally alleges that he was tricked into pleading guilty in violation of Article I, Section 8, of the Nevada Constitution. Claims of alleged state law error are not cognizable in a federal habeas proceeding.

Ground 2 further is redundant of Ground 1 to the extent that petitioner alleges that he was tricked into pleading guilty in violation of the federal constitution. The Court will not require that respondents respond to multiple piecemeal presentations of the same claim across multiple grounds in the petition.

Ground 2 therefore will be dismissed without prejudice in part to the extent that petitioner alleges a violation of the Nevada Constitution and to the extent that he redundantly claims that he was tricked into pleading guilty in violation of the federal constitution.[1]

**Ground 3**

In Ground 3, petitioner alleges that he was denied rights to due process and a fair trial because the state district court: (a) abused its discretion by failing to grant a defense motion to dismiss the habitual criminal adjudication in violation of N.R.S. 207.010(2), given the nature of his prior offenses; (b) refused to make a ruling on the defense sentencing memorandum, allegedly subjecting petitioner to ineffective assistance of counsel; and (c) gave no reason for its decision to adjudicate petitioner a habitual criminal.

An alleged abuse of discretion in applying state law does not in and of itself give rise to a denial of due process. Nor does a court allegedly refusing to rule on issues in a sentencing memorandum in and of itself deny due process or effective assistance of counsel. Finally, Nevada law imposes no particularized articulation requirement upon a state district court in making a habitual criminal adjudication that gives rise to a liberty interest protected by due process. *See Hughes v. State*, 116 Nev. 327, 332-33, 996 P.2d 890, 893-94 (2000); *see also Tilcock v. Budge*, 538 F.3d 1138, 1144 (9th Cir. 2008)(related discussion).

Ground 3 therefore fails to state a cognizable claim in its entirety.[2]

////

---

[1] It further appears that the remaining claim in Ground 2 may not be exhausted because the claim was not presented in a procedural posture in which the merits of the claim would be considered absent special circumstances. The state supreme court held that the claim fell outside the scope of a post-conviction petition challenging the validity of a conviction based upon a guilty plea. See June 13, 2012, Order of Affirmance, at 7 (Dkt. # 6, at electronic docketing page 56).

[2] Ground 3 further may be unexhausted, for the same reason discussed in note 1, *supra*.

***Ground 4***

In Ground 4, petitioner alleges, *inter alia*, that he was denied effective assistance of counsel because N.R.S. 207.010(1)(a) is ambiguous as to the permissible sentence.

Ground 4 fails to state a cognizable claim to the extent that petitioner additionally alleges that the alleged ambiguity of the statute violates Article I, Section 8, of the Nevada Constitution. Claims of alleged state law error are not cognizable on federal habeas review.

Ground 4 further fails to state a claim to the extent that it alleges that the ambiguity deprived him of effective assistance of counsel. One has nothing to do with the other.[3]

In all events, Ground 4 is redundant of the corresponding claim in Ground 2. Again, the Court will not require that respondents respond to multiple piecemeal presentations of the same claim across multiple grounds in the petition.

Ground 4 therefore will be dismissed without prejudice in its entirety.[4]

***Ground 6***

In Ground 6, petitioner alleges that he was denied rights to due process and a fair trial when the state district court abused its discretion, after telling him that he likely was headed to prison, by not then immediately asking him whether or not he still wished to plead guilty.

An alleged abuse of discretion in applying state law does not in and of itself give rise to a denial of due process. In other words, federal courts adjudicating habeas petitions do not review state court criminal proceedings for alleged errors and abuses of discretion in applying state criminal law. Petitioner instead must demonstrate federal constitutional error, and nothing in the circumstances alleged in Ground 6 presents such federal law error.

Ground 6 therefore will be dismissed without prejudice in its entirety.[5]

---

[3]Petitioner perhaps has sought to couch the substantive claim as a claim of ineffective assistance of counsel in an effort to overcome the fact that the substantive claim was not raised on direct appeal. Such an effort was and is unpersuasive. An allegedly ambiguous sentencing statute does not give rise to a denial of effective assistance of counsel.

[4]Ground 4 further may be unexhausted, for the same reason discussed in note 1, *supra*.

[5]Ground 6 further may be unexhausted, for the same reason discussed in note 1, *supra*.

***Ground 7***

In Ground 7, petitioner alleges that he was denied rights to due process and a fair trial when the state district court abused its discretion by allegedly failing to first impose a sentence on the substantive crime before imposing a habitual criminal sentence, allegedly in violation of N.R.S. 207.010(1).

Once again, an alleged abuse of discretion in applying state law does not in and of itself give rise to a denial of due process. Petitioner instead must demonstrate federal constitutional error, and nothing in the circumstances alleged in Ground 7 regarding an alleged violation of N.R.S. 207.010(1) presents such federal law error.

Ground 7 therefore will be dismissed without prejudice in its entirety.[6]

***Ground 8***

In Ground 8, petitioner alleges that he was denied rights to due process and a fair trial when the state district court abused its discretion by: (a) failing to rule on issues raised in the defense sentencing memorandum, in violation of Article I, Section 8, of the Nevada Constitution; and (b) not making an adequate determination of whether it was just and proper to adjudicate him as a habitual criminal.

Ground 8 essentially is redundant of Ground 3 and is subject to dismissal in its entirety for substantially the same reasons.[7]

***Ground 9***

In Ground 9, petitioner presents multiple claims of ineffective assistance of trial counsel. Ground 9 fails to state a claim upon which relief may be granted to the extent that petitioner additionally alleges that he was denied effective assistance of counsel in violation of Article I, Section 8, of the Nevada Constitution. Such alleged state law error does not give rise to a cognizable federal claim separate and apart from the allegations of ineffective assistance of counsel under the Sixth and Fourteenth Amendments.

---

[6] Ground 7 further may be unexhausted, for the same reason discussed in note 1, *supra*.

[7] Ground 8 further may be unexhausted, for the same reason discussed in note 1, *supra*.

The Court finds that allowance of an opportunity for leave to amend as to the deficient claims would be futile. As to the deficient claims, plaintiff in the main is seeking to either rely directly upon state law and/or to merely label alleged state law errors as a violation of due process in contexts where clearly no such federal law error arises.

The Court will direct service and a response on the remaining claims.

IT THEREFORE IS ORDERED that the following claims are DISMISSED without prejudice as not cognizable: (a) Ground 2 in part to the extent that petitioner alleges a violation of the Nevada Constitution and to the extent that he claims redundantly of Ground 1 that he was tricked into pleading guilty in violation of the federal constitution; (b) Grounds 3, 4, 6, 7 and 8 in their entirety; and (c) Ground 9 in part to the extent that petitioner bases the claims upon a violation of the Nevada Constitution.

IT FURTHER IS ORDERED that the Clerk of Court shall make informal electronic service of this order and the petition upon the Nevada Attorney General as per the Clerk's current practice for such matters, which may include regenerated notice of electronic filing.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the remaining grounds – only – in the petition (*i.e.*, Grounds 1, 5, 9 in substantial part, and 10). **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted

1 claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the
2 answer; and (b) they shall specifically direct their argument to the standard for dismissal under
3 § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short,
4 no procedural defenses, including exhaustion, shall be included with the merits in an answer.
5 All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.[8]

6 IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
7 specifically cite to and address the applicable state court written decision and state court
8 record materials, if any, regarding each claim within the response as to that claim.

9 IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
10 specifically cite to and address the applicable state court written decision and state court
11 record materials, if any, regarding each claim within the response as to that claim.

12 IT FURTHER IS ORDERED that, at the same time as their initial response, and without
13 regard to whether the initial response is a motion to dismiss or instead an answer,
14 respondents shall file a single set of state record exhibits relevant to the petition, in
15 chronological order and indexed as discussed, *infra.*

16 IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed
17 with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments
18 that are filed further shall be identified by the number or numbers of the exhibits in the
19 attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose

---

[8]The Court additionally notes that some of the remaining claims perhaps arguably could be alleged with more specificity. Such claims include Ground 10 and the claim in Ground 9 that trial counsel was ineffective for failing "to make strategic choices in the best interest of" petitioner. However, the state supreme court rejected similar claims on the merits, based at least in part upon the allegations, showing, and/or record presented to that court being conclusory or minimal. This Court generally finds it more efficient and definitive to address the merits issue of whether the state supreme court's rejection of an arguably conclusory claim based on the allegations made and record presented to that court was either contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. In contrast, possibly directing further amendment of the federal petition for alleged lack of sufficient specificity on what perhaps was only a conclusory or minimally supported claim in the first instance in the state courts only delays the ultimate resolution of the entire federal petition. Respondents of course may frame their defenses as they wish. But the Court notes its prior practice in instances where arguably conclusory and/or minimally supported claims are rejected on the merits by the state courts and then carried forward in similar fashion in the federal petition.

of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Las Vegas Clerk's Office**.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

IT FURTHER IS ORDERED that, henceforth, petitioner shall serve upon respondents or, if an appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the Court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk that fails to include an appropriate certificate of service.

IT FURTHER IS ORDERED that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure.  The Court and the Clerk do not respond to letters and do not take action based upon letters.

DATED:   January 21, 2014.

_____
ANDREW P. GORDON
United States District Judge