1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8
9   DARRYL LEE SANDERS,

10          *Petitioner*,                                    2:12-cv-01225-APG-CWH

11   vs.

12   DWIGHT D. NEVENS, et al.,                               **ORDER**

13          *Respondents*.

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is

16   respondents' motion to dismiss grounds 1 and 2 (Dkt. #13).  Petitioner has opposed the motion (Dkt.

17   #20), and respondents replied (Dkt. #21).

18   **I. Procedural History and Background**

19          On October 2, 2008, the State of Nevada charged petitioner Darryl Lee Sanders by way of

20   criminal information with count I - burglary, count 2 - theft, and count 3 - conspiracy to commit theft

21   (Exhibits to respondents' motion to dismiss, Dkt. #13, Exh. 10).[1]  Petitioner entered into a guilty plea

22   to one count of burglary.  Exh. 13.  On May 27, 2009, the state district court conducted a hearing and

23   adjudicated petitioner a habitual criminal.  Exh. 19 at 9-10.  Petitioner was sentenced to 8 to 20 years

24   imprisonment, and judgment of conviction was entered on June 2, 2009.  Exhs. 19, 20.

25          Petitioner appealed his conviction, which the Nevada Supreme Court affirmed on January 7,

26   2010.  Exhs. 23, 33, 37.  Remittitur issued on February 2, 2010.  Exh. 39.

27   _____

28          [1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, Dkt.
     #13, and are found at Dkt. #s14-17.

1    Petitioner filed a state postconviction habeas petition on January 12, 2011.  Exh. 53.  The state

2    district court held a hearing on June 10, 2011, and on July 20, 2011, the court entered an order denying

3    the petition.  Exhs. 64, 69.  The Nevada Supreme Court affirmed the denial of the petition on June 13,

4    2012, and remittitur issued on July 9, 2012.  Exhs. 77, 79.

5    On July 5, 2012, petitioner dispatched the instant federal habeas petition (Dkt. #6).  The federal

6    petition raises ten grounds for relief.  *Id.*  On January 21, 2014, the court entered an order pursuant to

7    Habeas Rule 4 dismissing grounds 3, 4, 6, 7 and 8, and dismissing grounds 2 and 9 to the extent that

8    they allege violations of Nevada law or are duplicative of other grounds (Dkt. #8, p. 5).

9    Respondents argue that ground 1 and the remaining part of ground 2 should be dismissed as

10   unexhausted (Dkt. #13, pp. 4-5).

11   **II.  Legal Standards**

12       **A.  Exhaustion**

13   A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

14   exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

15   U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims

16   before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

17   (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

18   petitioner has given the highest available state court the opportunity to consider the claim through direct

19   appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

20   *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

21   A habeas petitioner must "present the state courts with the same claim he urges upon the federal

22   court."  *Picard v. Connor,* 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

23   not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

24   *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve

25   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

26   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

27   federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

28   (9th Cir. 1999).  "'The mere similarity between a claim of state and federal error is insufficient to

1    establish exhaustion.'" *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) quoting *Hiivala*, 195 F.3d

2    at 1106.  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential

3    litigants: before you bring any claims to federal court, be sure that you first have taken each one to state

4    court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520

5    (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection,

6    and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098,

7    1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal

8    constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en

9    banc).

10         A claim is not exhausted unless the petitioner has presented to the state court the same operative

11    facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

12    *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

13    petitioner presents to the federal court facts or evidence which place the claim in a significantly

14    different posture than it was in the state courts, or where different facts are presented at the federal level

15    to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

16    *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev.

17    1984).

18         **B. Procedural Bar**

19         "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

20    state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

21    A federal court will not review a claim for habeas corpus relief if the decision of the state court

22    regarding that claim rested on a state law ground that is independent of the federal question and

23    adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

24         The *Coleman* Court stated the effect of a procedural default, as follows:

25             In all cases in which a state prisoner has defaulted his federal claims in
           state court pursuant to an independent and adequate state procedural
26             rule, federal habeas review of the claims is barred unless the prisoner
           can demonstrate cause for the default and actual prejudice as a result of
27             the alleged violation of federal law, or demonstrate that failure to
           consider the claims will result in a fundamental miscarriage of justice.

28

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  If a petitioner's claim is procedurally defaulted, this court will not review the claim unless the petitioner can establish cause and prejudice or that a miscarriage of justice would result in the absence of review.  *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir.1996).

**III.  Relevant Grounds in Instant Petition**

Petitioner sets forth ten grounds for relief in his petition (Dkt. #6, pp. 3-35).  Respondents argue that ground 1 and the remaining part of ground 2 are unexhausted (Dkt. #13, pp. 4-5).

**A.  Ground 1**

In ground 1 of the federal petition, petitioner alleges that his Sixth and Fourteenth Amendment rights to due process and effective assistance of trial counsel were violated when the State breached the plea agreement by arguing for a sentence of 8 to 20 years (Dkt. #6, pp. 3-5).

In ground 2 of his state postconviction petition, petitioner alleges that his guilty plea was involuntarily made on account of numerous promises, or on account of promises that could not be fulfilled, or on account of implied promises made by the State in violation of the Nevada Constitution.  Exh. 53, p. 8.

The court agrees with respondents that petitioner's state claim is factually similar; however, petitioner failed to present a federal legal theory.  Exh. 53, pp. 8-10.  *Duncan,* 513 U.S. at 365; *Vang*, 329 F.3d at 1075; *Hiivala*, 195 F.3d at 1106. Accordingly, ground 1 is unexhausted.

**B.  Ground 2**

In ground 2 of the federal petition, petitioner alleges that (1) the State breached the plea agreement by arguing for a sentence of 8 to 20 years in violation of his constitutional rights and his rights under Nevada law, and 2) Nev. Rev. Stat. 207.010(1)(a) is unconstitutionally ambiguous (Dkt.

1    #6, pp. 7-9).  This court previously dismissed the first part of ground 2 because it is duplicative of

2    ground 1 and, to the extent it relies on Nevada law, fails to state a claim in federal habeas corpus (Dkt.

3    #8, pp. 1-2).

4         With respect to the second part of federal ground 2, in grounds 2 and 4 of his state

5    postconviction petition, petitioner claims that NRS 207.010(1)(a) is ambiguous in violation of the

6    Nevada Constitution.  Exh. 53, pp. 13-14, 18.

7         Respondents argue that this second part of federal ground 2 has never been fairly presented to

8    the Nevada Supreme Court and is thus unexhausted (Dkt. #5).  However, the record demonstrates that

9    this claim actually is procedurally defaulted.  In its order affirming the denial of petitioner's state

10   postconviction petition, the Nevada Supreme Court concluded that the state district court did not err

11   in denying this claim because it falls outside the scope of a postconviction petition challenging the

12   validity of a judgment of conviction based upon a guilty plea.  Exh. 77, p. 7.   Nev. Rev. Stat. §

13   34.810(1)(a) provides that the court shall dismiss a petition if petitioner's conviction was based on a

14   guilty plea and the petition is not alleging that the plea was involuntarily or unknowingly entered into

15   or was entered into without the effective assistance of counsel.  The Nevada Supreme Court explicitly

16   relied on this procedural bar when it declined to review this claim.  Exh. 77, p. 7.  The Ninth Circuit

17   Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue

18   in this case—Nev. Rev. Stat. § 34.810—is an independent and adequate state ground.  *Yang v. Nevada*,

19   329 F .3d 1069, 1073–75 (9th Cir.2003); *see also Bargas v. Burns*, 179 F .3d 1207, 1210–12 (9th

20   Cir.1999).  Therefore, this court finds that the Nevada Supreme Court's holding that petitioner's claim

21   was procedurally barred under NRS 34.810(1)(a) was an independent and adequate ground for the

22   court's dismissal of the corresponding state-court ground.  The court shall defer consideration of

23   whether cause and prejudice exist to a later date.

24   **IV.  Petitioner's Options Regarding Unexhausted Claim**

25        A federal court may not entertain a habeas petition unless the petitioner has exhausted available

26   and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S.

27   509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to

28   dismissal.  *Id.*  In the instant case, the court finds that ground 1 is unexhausted.  Thus the petition is a

"mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2.   He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

The *Rhines* Court stated:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim is plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Dkt. #13) is **GRANTED** in part as follows:

      1. Ground 1 is **UNEXHAUSTED**.

      2. The remaining claim in ground 2–that Nevada's habitual criminal statute is unconstitutional–is **PROCEDURALLY BARRED**. The court shall defer consideration of whether cause and prejudice exist to excuse the default to a later date.

      **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

      **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition,[2] and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

      **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

      **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

---

[2] As set forth in this order, this court has determined that the remaining part of ground 2 is procedurally barred. Accordingly, any answer by respondents to the remaining grounds shall contain all arguments regarding whether cause and prejudice exist, and petitioner shall have an opportunity to respond in his reply to such answer.

1    **IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by

2    either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits

3    by number.  The CM/ECF attachments that are filed further shall be identified by the number or

4    numbers of the exhibits in the attachment.  The hard copy of any additional state court record exhibits

5    shall be forwarded – for this case – to the staff attorneys in **Reno**.

6        Dated: January 26, 2015.

7

8                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28