UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL LEE SANDERS, | ) |
| Petitioner, | ) 2:12-cv-01225-APG-CWH |
| vs. | ) |
| | ) **ORDER** |
| DWIGHT D. NEVEN, *et al.*, | ) |
| Respondents. | ) |

     Before the court, in this habeas corpus action, is a motion filed by the petitioner, Darryl Lee Sanders, requesting that this action be stayed while he exhausts claims in state court (ECF No. 24). I deny that motion because Sanders does not make the showing required under *Rhines v. Weber*, 544 U.S. 269 (2005) for such a stay.

     Sanders initiated this case on July 5, 2012. *See* Petition for Writ of Habeas Corpus (ECF No. 6), p. 1. On January 21, 2014, the court screened Sanders' petition, and dismissed Grounds 3, 4, 6, 7, and 8 in their entirety, and Grounds 2 and 9 in part. (ECF No. 8.) The court ordered respondents to respond to the remaining claims in the petition. *Id.*

     Respondents then filed a motion to dismiss Ground 1 and the remaining portion of Ground 2, asserting that those claims are unexhausted in state court. (ECF No. 13.) The court resolved the motion to dismiss on January 26, 2015, determining that Ground 1 is unexhausted and the remaining portion of Ground 2 is exhausted but procedurally defaulted. (ECF No. 23.) With respect to the remaining part

of Ground 2, the court ordered that the question whether Sanders can overcome the procedural default will be addressed in conjunction with the court's consideration of the merits of the claim. *Id.* With respect to Ground 1, the court ordered Sanders to make an election to either abandon the claim, voluntarily dismiss his entire petition without prejudice, or file a motion under *Rhines* requesting that the case be stayed while he exhausts the claim in state court. *Id.*

On February 17, 2015, Sanders filed a "Motion for Stay and Abeyance, Remand, or in the Alternative, Dismissal Without Prejudice." (ECF No. 24.) He requests in that motion that this case be stayed pending his exhaustion of Ground 1 in state court. Alternatively, he requests that this case be dismissed in its entirety without prejudice.

In *Rhines*, the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
>                           \*   \*   \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

1 *Rhines*, 544 U.S. at 277-78.

2     Sanders makes no showing that there was good cause for his failure to exhaust in state court the claim that he asserts as Ground 1 of his petition in this case. In his motion, and in his reply in support of the motion, Sanders focuses on the merits of Ground 1, arguing that the claim has merit and that the state courts should have recognized as much, apparently despite his failure to assert the claim in state court. Sanders articulates no theory that he had good cause for failing to exhaust Ground 1. The court need not reach the second part of the *Rhines* analysis -- whether Ground 1 is "plainly meritless" -- and declines to do so. As for the third part of the *Rhines* analysis, the court sees no indication that Sanders has engaged in intentionally dilatory litigation tactics. Sanders' motion for stay fails because he does not show good cause for his failure to exhaust, and I deny the motion for stay for that reason.

    As Ground 1 is unexhausted, Sanders is now left with two options with respect to that claim: either abandon Ground 1 and proceed on the remaining exhausted claims in his petition (Grounds 2 (in part), 9 (in part), and 10), or inform the court that he wishes to dismiss his entire petition without prejudice. I will set a schedule for Sanders to make that election. Sanders is warned that if he does not make that election within the time allowed, I will dismiss his entire petition, nominally "without prejudice," pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

    Sanders is further warned that if this case is dismissed "without prejudice," he may be barred by the statute of limitations from initiating any subsequent federal habeas action. This is because -- unless there is some form of tolling available to Sanders that is not now apparent from the record -- the limitations period imposed by section 2244(d) has run out during the pendency of this federal habeas action. A federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

    I read Sanders' motion for stay to convey that he does not wish to waive his opportunity to fully litigate in federal court his exhausted claims (Grounds 2 (in part), 9 (in part), and 10). Therefore, I deny Sanders' alternative request in his motion for stay to dismiss this action without

prejudice. If Sanders does still wish for this action be dismissed in its entirety, nominally "without prejudice," despite the risk that a subsequent federal habeas action will be time-barred, he may file a declaration to that effect.

Finally, I will set a schedule for the parties to file briefing (answer, reply, and possibly a response to reply) regarding the merits of Sanders' exhausted claims.

**IT IS THEREFORE ORDERED** that petitioner's "Motion for Stay and Abeyance, Remand, or in the Alternative, Dismissal Without Prejudice" (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that, with respect to Ground 1 of his habeas petition, petitioner must, **within 30 days after the entry of this order**, make an election: petitioner must either (1) file a declaration stating that he wishes to abandon Ground 1 and proceed on the remaining exhausted claims in his petition (Grounds 2 (in part), 9 (in part), and 10), or (2) file a declaration stating that he wishes to voluntarily dismiss his entire habeas petition without prejudice. If petitioner does not make that election within the time allowed, the court will dismiss his entire habeas petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, within **30 days** from the entry of this order, respondents shall file an answer, responding to Grounds 2 (in part), 9 (in part), and 10 of the habeas petition in this action, on the merits of those claims. Thereafter, petitioner shall have **30 days** to file a reply. After petitioner files a reply, respondents may, if necessary to respond to any claim of cause and prejudice with respect to the procedural default of the remaining part of Ground 2, file a response to the reply within **20 days** after the reply is filed. The court will not look favorably upon any motion to extend this briefing schedule.

Dated this 7th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE